IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

GENERAL ELECTRIC CAPITAL CORP.,

                Plaintiff,                Case No. 3:05 CV 7064

-vs-

                                        O R D E R

WILLIAM E. CONRAD,

                Defendant.

KATZ, J.

This matter is before the Court on Plaintiff's motion for default judgment. For the following reasons, Plaintiff's motion is denied.

Under Fed. R. Civ. P. 55, default is a two step process with the entry of default as the first procedural step. *See O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.,* 340 F.3d 345, 352 (6th Cir. 2003); *Shepard Claims Service Inc. v. William Darrah & Assoc.,* 796 F.2d 190, 193 (6th Cir. 1986). Rule 55(a) permits a clerk to enter default against a party who has failed to plead or otherwise defend. Default is entered by the clerk of the court *upon application* of a party who seeks to enforce the default provisions. 10 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 55.11[1] (3D ED. 2004). *See also Tarbell v. Jacobs,* 856 F.Supp. 101, 104 (N.D.N.Y. 1994). The rule also requires that the default must be "made to appear by affidavit or otherwise." While the entry of default is a procedural formality, it is nevertheless a prerequisite to the issuance of a default judgment. *United States v. Di Mucci,* 879 F.2d 1488, 1490 (7th Cir. 1989); *Arango v. Guzman Travel Advisors,* 761 F.2d 1527, 1530 (11th Cir.),

*cert. denied,* 474 U.S. 995 (1985). Even in those instances where the claim is for a sum certain, an entry of default is required prior to the default judgment.

Under the second step, a motion for a default judgment is obtained through Rule 55(b) made to the Court and not the clerk unless the claim is for a sum certain. Even where a defendant is technically in default, the plaintiff is not entitled to a default judgment as a matter of right. *See Ganther v. Ingle,* 75 F.3d 207, 212 (5th Cir. 1996). Moreover, such a determination is within the court's discretion. *See Silva v. City of Madison,* 69 F.3d 1368, 1377 (7th Cir. 1995).
Finally, where a party has not appeared it is unnecessary that notice of the application for default or motion for default judgment be served upon the defendant.

In the present action, Plaintiff has failed to apply for default in accordance with Rule 55(a), therefore, its motion for default judgment (Doc. No. 3) is denied without prejudice.

IT IS SO ORDERED.

    S/ *David A. Katz*
    DAVID A. KATZ
    SENIOR U. S. DISTRICT JUDGE